GUIDRY, Judge.
Plaintiffs filed the instant suit seeking damages for personal injuries allegedly received by Jackie Blanchard, minor daughter of Gloria B. Bergeron, as a result of an automobile accident. Among others, Mid-American Casualty Company (Mid-American), insurer of the vehicle owned by Barney Deshotels and United States Fidelity & Guaranty Company (USF&G), plaintiffs' uninsured motorist carrier, were named as parties defendant. Prior to trial, plaintiffs settled with all defendants, including Mid-American and USF&G. The record contains two judgments, both dated April 15, 1981, one of which dismisses plaintiffs’ suit as against Mid-American with prejudice, and the other of which dismisses plaintiffs’ suit with prejudice as to USF&G.
The judgment dated April 15, 1981, effecting a dismissal of plaintiffs’ suit as to among others, Mid-American, contains the following provision:

“It is ordered, adjudged and decreed that the law suit of the plaintiffs, Gloria B. Bergeron and Jackie Blanchard, be and the same hereby is, dismissed with full prejudice as to Mid-American Casualty Company, J. Barney Deshotels and Timothy Scott Deshotels, upon payment by said defendants of all court costs.”

The judgment effecting dismissal of plaintiffs’ suit as to USF&G contains no decree ordering payment of any costs by USF&G but does contain the following sentence which precedes the decree portion of the judgment:
“... and on further suggesting that defendant United States Fidelity & Casualty Company will be responsible for all costs of this suit through date of this judgment in the event that plaintiff is cast for costs . .
Both of the aforesaid judgments are now final, no appeals having been taken therefrom.[1]
The record on appeal next contains a pleading filed by plaintiffs seeking the issuance of a rule against Mid-American and USF&G ordering them to show cause on a date and time to be fixed by the court why the costs totalling $526.40 should not be paid by the defendants, Mid-American and USF&G.[2] This rule was tried and resulted in a judgment being rendered ordering the defendants, Mid-American and USF&G, to pay court costs in the amount of $569.40, each to pay one-half (V2) as well as one-half (V2) of the costs of the rule nisi. USF&G has appealed from this latter judgment. Mid-American and plaintiffs have neither appealed nor answered USF&G’s appeal.
Essentially USF&G contends that the trial court erred because the judgment on the rule nisi, casting USF&G for one-half (V2) of the court costs, is clearly inconsistent with a verbal agreement of all parties which resulted in the rendition of the judgments of dismissal dated April 15, 1981.
*145 The trial court, in written reasons for judgment, stated as follows:

“The court is unable to determine which of the two judgments of dismissal was first rendered, and as they contain conflicting provisions as to costs, the court considers that the only equitable resolution is to cast both defendants for costs in equal proportions."

We do not consider it important to determine which of the judgments dated April 15, 1981 was rendered first for we fail to find, as did the trial court, that these judgments contain conflicting provisions as to the payment of costs.
The judgment of the trial court dismissing plaintiffs’ suit as to USF&G makes no provision for the payment by USF&G of any costs of court and the preamble to such decree portion specifically provides that USF&G is to be responsible for costs of court only in the event that the plaintiff is ultimately cast for costs. There has been no showing made that the plaintiff has been cast for any costs in the instant suit. On the other hand, the judgment dismissing plaintiffs’ suit as against Mid-American specifically decrees that Mid-American and their co-defendants, the Deshotels, are to pay all costs of court and, as aforestated, this judgment is now final and res judicata. Accordingly, it was error for the trial court to render judgment on the rule nisi ordering payment of court costs in the instant case, one-half (V2) by USF&G and one-half (V2) by Mid-American.
For the above and foregoing reasons we reverse the judgment appealed from insofar as it casts USF&G for the payment of any of the court costs incurred in the instant suit or in the trial of the rule to compel payment of costs. In all other respects the judgment appealed from is affirmed, in that, neither plaintiffs nor Mid-American have appealed or answered the appeal of USF&G.
All costs of this appeal are to be paid by plaintiffs-appellees.
REVERSED IN PART AND AFFIRMED IN PART.

. A copy in full of the judgments of dismissal dated April 15, 1981 are attached hereto as an appendix to this opinion but are not made a part hereof and are not to be published.

. As we appreciate the rule in question it was not one to determine liability for costs, but rather to tax the costs, the liability for which had already been decreed.